**BROWNING–FERRIS INDUSTRIES, INC., a Delaware corporation,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. CIV.00–440–PHX–SMM.

United States District Court,
D. Arizona.

July 29, 2002.

Paul James Mooney, David Michael Call, Fennemore Craig PC, Phoenix, AZ, Nancy T. Bowen, William S. Lee, Stephen A. Kuntz, Fulbright & Jaworski, LLP, Houston, TX, for plaintiff.

Brian J. Feldman, John B. Snyder, III, U.S. Dept. of Justice, Tax Div., Washington, DC, Paul Kipp Charlton, U.S. Attorney's Office, Phoenix, AZ, for defendant.

## ORDER

McNAMEE, Chief Judge.

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. # 52) and Plaintiff's Cross–Motion for Summary Judgment (Doc. # 53). After considering the arguments raised by the parties in their briefing and in oral argument, the Court now issues the following ruling.

## BACKGROUND

During the fiscal year ending September 30, 1989 ("fiscal 1989"), Plaintiff Browning–Ferris Industries, Inc. ("Plaintiff"), was a general partner in American Ref-Fuel Company of Hempstead, a general partnership ("the Partnership"). The Partnership erroneously calculated the amount of the investment tax credit that it originally reported on its tax return for fiscal 1989 (the "As Reported Investment Credit"), as well as Plaintiff's share of that credit. (Affidavit of Richard D. Howe ("Howe Aff.") ¶ 6; Affidavit of Barry J. Miller ("Miller Aff.") ¶ 6.) The Internal Revenue Service ("IRS") later audited the Partnership for fiscal 1989, and neither party was aware during this audit of the Partnership's erroneous calculation. Defendant United States of America ("Defendant") does not dispute that the audit focused only on certain expenditures which the IRS contended did not qualify for the investment tax credit. (Defendant's Statement of Material Facts ("DSMF") ¶ 6.) The IRS' proposals did not otherwise address, consider, or report upon the make up or computation of the Partnership's "As Reported Investment Credit", or Plaintiff's share of that credit. (Howe Aff. ¶ 8; Miller Aff.¶ 8.) Nor does Defendant dispute that the parties reached a settlement of these challenged specific expenditures which resulted in an adjustment to the investment tax credit of $110,095 for fiscal 1989 that was reflected in a Form 870–P settlement agreement signed by the parties. (DSMF ¶ 6; Howe Aff. ¶¶ 11,12; Miller Aff. ¶¶ 11,12.) This adjustment was the only treatment encompassed in the Form 870–P, and the erroneously computed "As Reported Investment Credit" figure reflected in the Form 870–P had been mechanically carried over from the Partnership's income tax return for fiscal 1989. (Howe Aff. ¶ 12; Miller Aff. ¶ 12.) The signed Form 870–P settlement reflected no agreement to fix the amount of the Partnership's investment tax credits at any specific level. (Id.) The parties agree that Plaintiff's refund claim does not seek to change or amend the adjustment reflected in Form 870–P. (DSMF ¶ 6).

Plaintiff seeks an income tax refund of $1,371,248.00, plus statutory interest, for the taxable year 1989. (Complaint ¶¶ 3, 4 and 24.) Defendant acknowledges that the suit was timely filed, but refuses to pay Plaintiff's refund claim, arguing that: (1) this Court does not have jurisdiction over this refund suit; and (2) Form 870–P prohibits the refund Plaintiff seeks. Defen-

dant filed a Motion for Summary Judgment, to which Plaintiff filed a Cross–Motion for Summary Judgment in response.

## STANDARD OF REVIEW

■ A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c) (1995); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jesinger v. Nevada Federal Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994). Substantive law determines which facts are material. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Jesinger,* 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see also Jesinger,* 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548; *see also Citadel Holding Corp. v. Roven,* 26 F.3d 960, 964 (9th Cir.1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *See Celotex,* 477 U.S. at 317, 106 S.Ct. 2548. The party opposing summary judg-

ment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir.1995).

## DISCUSSION

**I. Whether this Court has jurisdiction over Plaintiff's refund suit.**

Defendant first argues that this Court does not have subject matter jurisdiction over Plaintiff's refund claim. It is Defendant's position that 26 U.S.C. § 7422(h) bars refund claims based on treatment of partnership items, and Plaintiff's refund claim does not meet the requirements of either of the two exceptions to this provision.

■ Plaintiff argues that 26 U.S.C. § 7422(h) is not applicable to the facts of this case. This statute prohibits suits for "refund[s] attributable to partnership items" subject to two exceptions. Plaintiff contends that the statute does not prohibit its refund suit because the investment tax credit in this case was no longer a "partnership item" once the Form 870–P settlement agreement was signed. Plaintiff cites 26 U.S.C. § 6231(b)(1)(C) and several cases for the proposition that section 7422(h) ceased to apply to bar jurisdiction once a valid Form 870–P has been executed. Pursuant to § 6231(b)(1)(C), items become non-partnership items as of the date "the Secretary enters into a settlement agreement with the partner with respect to such items." Execution of a valid settlement agreement converts partnership items into nonpartnership items and thereby lifts the jurisdictional bar of § 7422(h). *See Alexander v. United States,* 44 F.3d

328, 331(5th Cir.1995); *Treaty Pines Investments Partnership v. Commissioner*, 967 F.2d 206, 210 (5th Cir.1992); and *Olson v. United States*, 37 Fed. Cl. 727, 733–734 (1997). In fact, Plaintiff correctly notes that *Olson* stands for the proposition that while an item does not lose its partnership status for the purpose of enforcing a settlement agreement, the item can take on non-partnership status, at the same time, for the jurisdictional purposes of § 7422. *See Olson*, 37 Fed. Cl. at 734 n. 8 (citation omitted).

■ Here, the investment tax credit was no longer a "partnership item" with respect to Plaintiff when the IRS (the Secretary's designee) entered into a Form 870–P settlement agreement with Plaintiff on May 16, 1995. (Howe Aff. ¶ 11 and Exhibit L to Howe Aff..) Since the IRS does not dispute the validity of the settlement agreement, the conversion was effective when the settlement was made. *See Alexander*, 44 F.3d at 331. This Court finds that because the execution of the Form 870–P settlement agreement converted the investment tax credit into a nonpartnership item, the jurisdictional bar of § 7422(h) does not apply and this Court thus has subject matter jurisdiction over this refund suit by virtue of 28 U.S.C. § 1346(a)(1). This statute grants the district courts original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."

**II. Whether Plaintiff's refund claim is based on any "change in the treatment of partnership items" under Form 870–P and thus prohibited by that Form.**

Defendant also argues that Form 870–P prohibits the refund Plaintiff seeks. Under the terms of the Form 870–P "the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted" once the parties sign the form. Defendant contends that the parties reached an agreement to fix the amount of the Partnership's investment tax credit at the specific amounts listed on the Form 870–P. According to Defendant, "at the time [Plaintiff] signed that form, the amount of the credits at issue was already unambiguously settled by the Form 870–P." (Defendant's Memo. in support of Motion for Summary Judgment at p. 13.) Defendant asserts that this agreement, and not the specific adjustments encompassed in the Form 870–P, constituted the treatment of partnership items that is made binding by Form 870–P. To hold otherwise would subject the government to endless litigation.

■ Plaintiff argues that Form 870–P prohibits only a refund claim that is based on a "change in the treatment of partnership items" under that form. Plaintiff claims that the "treatment of partnership items" under the Form 870–P was the $110,095 adjustment that flowed directly from, and related solely to, the agreed disallowance of certain identified expenditures that the IRS contended did not qualify for the investment tax credit. Furthermore, Plaintiff argues that the agreements it made with the IRS ultimately concerned only those adjustments to the investment tax credit in the Form 870–P, and the Form 870–P is binding only with respect to those final adjustments set forth in that form. Plaintiff asserts that the Form is not binding with respect to the figures utilized to calculate these final adjustments. Defendant agrees that Plaintiff is not seeking to change or modify these final adjustments. (DSMF ¶ 6.) Thus, Plaintiff

contends that they are not seeking to "reopen the treatment of partnership items under [this particular] settlement agreement", and the refund claim is not based upon any "change in the treatment of partnership items" under Form 870–P and is therefore not prohibited by that form.

Plaintiff points to the affidavits of Richard D. Howe and Barry D. Miller to demonstrate that the sole focus of the audit and settlement of that audit was the agreed disallowance of specific expenditures that resulted in the $110,095 adjustment set forth in the Form 870–P. Plaintiff contends that other than this specific disallowance and adjustment, the parties did not even consider any "agreement" with respect to the amount of the investment tax credit that the Partnership had erroneously calculated on its original return and erroneously carried over to the Form 870–P. (Howe Aff. ¶¶ 7–12; Miller Aff. ¶¶ 7–12.) Thus, Plaintiff maintains that its inclusion in the Form 870–P did not, and could not, reflect any agreement to fix the Partnership's investment tax credits at any specific amount. (Howe Aff. ¶ 12; Miller Aff. ¶ 12.)

Additionally, Plaintiff observes that statutory and case law make Form 870–P binding only with respect to the adjustments set forth in that form. In *Alexander v. United States*, 44 F.3d 328 (5th Cir.1995), the Fifth Circuit equated the adjustments agreed to in Form 870–P with the treatment of partnership items under that form. The court held that the purpose of the settlement agreement was "merely to cement the treatment of partnership items" and concluded that because "the adjustments to the partnership items are firm and binding," the taxpayer's refund claim was not based on a change in the treatment of partnership items and thus not prohibited by Form 870–P. *Alexander*, 44 F.3d at 332.

Similarly, 26 U.S.C. § 6224(c)(1) makes partnership settlement agreements binding only with respect to the "determination" of partnership items reflected in the settlement, and the Defendant has admitted that the "determination" involved in this case was the adjustment of $110,095 for fiscal year 1989. (Compl. ¶¶ 20–21 and Answer ¶¶ 20–21.) This establishes that the Form 870–P was binding only with respect to this specifically agreed-upon final adjustment.

This Court finds that Form 870–P does not prohibit Plaintiff's refund claim since Plaintiff does not seek to change the $110,095 adjustment, which constitutes the "treatment of the partnership items" for purposes of this case. *See Alexander*, 44 F.3d at 332. Defendant has failed to establish that an agreement to fix the amount of the Partnership's investment tax credits at the specific amounts listed on the Form 870–P, and not the specific adjustments reflected in the Form 870–P, constituted the "treatment of partnership items" that is made binding by Form 870–P. Thus, Plaintiff's refund claim is not based on any "change in the treatment" of partnership items under that form and therefore is not prohibited by that form.

## CONCLUSION

For the reasons stated in the foregoing discussion,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 52) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Cross–Motion for Summary Judgment (Doc. # 53) is **GRANTED**.